IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

HENRY PARKER, HELEN PARKER,
SHETERICA PARKER, AND KAYLA
PARKER, A MINOR                                                                                   PLAINTIFFS

V.                                                                          CIVIL ACTION NO. 2:09CV92-B-A

SAFEWAY INSURANCE COMPANY                                                           DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff Henry Parker submitted an application for automobile insurance with the defendant, Safeway Insurance Company ("Safeway"), through his local insurance agent, Big H Insurance Agency, on November 18, 2005, and was subsequently issued a policy. On March 2, 2006, Safeway mailed a "Notice of Cancellation or Termination" to Parker informing him that the policy would be cancelled on March 13, 2006, at 12:01 a.m. if the $297.36 premium was not paid by that date.

Helen Parker contacted the agent, Freddie Hall, on the afternoon of March 13, 2006, to inquire about paying the premium on March 17. The Parkers allege that Hall informed her that payment on March 17 would be satisfactory and that the plaintiffs would have coverage until March 25. Unfortunately, on March 17, 2006, on their way to Big H Insurance to pay the premium, plaintiffs Helen, Sheterica, and Kayla Parker were involved in an automobile accident.

Henry Parker went to Big H Insurance on March 20, 2006, and paid the premium and added a vehicle to the policy.

Safeway denied payment under the policy for the March 17 accident, asserting that the policy lapsed on March 13, 2006. The plaintiffs filed the present action on February 24, 2009, in the Circuit Court of Bolivar County, Mississippi, and the defendant subsequently removed to this court.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

The plaintiffs contend that they relied to their detriment on the representation of agent Freddie Hall, who allegedly advised the plaintiffs that they had coverage until March 25, 2006. The plaintiffs argue that Hall's statement created temporary coverage for the period the policy was lapsed. Hall denies making the representation. This disputed fact would, of course, preclude summary judgment if it were material. It is, however, immaterial.

"Under Mississippi law, an agent's representations can continue coverage but cannot serve as a basis to *create* coverage." *Kubow v. Hartford Casualty Ins. Co.*, 475 F.3d 672, 676 (5th Cir. 2007) (Emphasis in original). In *Kubow*, the plaintiff argued that a letter faxed to him by his agent offering coverage with another company renewed his coverage with the defendant, but the Fifth Circuit stated:

> Even if the letter could be interpreted as offering coverage with Hartford, it still could not independently create that coverage. Kubow's Hartford policy expired at 12:01 a.m. on September 24, 2003. The letter faxed to Kubow by [the agent] came after the expiration of the Hartford policy.

*Id.* The court reasoned that because the policy had already expired, coverage based on the letter would be *created* coverage. *Id.*

It is uncontested that Helen Parker did not contact Freddie Hall about continuing coverage until the afternoon of March 13, 2006. In clear, bold letters at the top of the "Notice of Cancellation or Termination" is the following statement: "**Cancellation to take effect on: 03/13/2006 at 12:01 AM Standard Time.**" Thus, by the time Helen Parker contacted Hall and Hall allegedly represented a continuation of coverage, the policy had already lapsed. According to the Fifth Circuit's interpretation of Mississippi law in *Kubow*, to allow the Parkers coverage

3

based on Hall's representation after the policy had lapsed would be to allow Hall to *create* coverage – an act prohibited by Mississippi law. *See id.*

## Conclusion

In accordance with the foregoing analysis, the court finds no genuine issue of material fact in this case. The defendant is, therefore, entitled to judgment as a matter of law, and its motion for summary judgment shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 24th day of August, 2010.

                                                        */s/ Neal Biggers*
                                                      **NEAL B. BIGGERS, JR.**
                                                     **SENIOR U.S. DISTRICT JUDGE**